Nicholson, C. J\,
delivered, -the opinion of the court.
John Rosa was tried in the circuit court of Shelby county, at Bartlett, upon an indictment for perjury, and on conviction was setenced to three years imprisonment in the penitentiary. After his conviction Ms counsel moved for a new trial, and in arrest of judgment. The record *467 states: “Which motion being argued and understood by the court, is sustained, and the cause is continued.” This shows that it was the motion for a new trial that was sustained.
Defendant was afterwards tried again on the same indictment, and again convicted, and again sentenced to three years’ imprisonment His counsel moved for a new trial, and in arrest of judgment, and upon his motion being overruled, an appeal was taken to this court. No bill of exceptions setting out the evidence is in the record.
It is argued that the circuit judge erred in overruling the motion in arrest of judgment, because it is said the indictment was fatally defective.
The charge in the indictment is, that “John Ross, on the 1st of November, 1874, was duly sworn upon his corporal oath and called to testify .before W. H. Sneed, a justice of the peace, in and for said county, having jurisdiction of the cause in which Alfred Lewis was charged with larceny, upon a warrant, of certain goods therein mentioned, and in which cause it became -and was material to inquire of the said John Ross how the said Ross became possessed of them, the said goods. And the said John Ross being so sworn upon -his corporal o-ath, falsely, cormp-tly, knowingly, willfully and maliciously in his testimony orally delivered, did depose and swear in substance that he, the -said Ross, bought the goods from the said Alfred Lewis, who delivered them to Mm for the price o-f three dollars; whereas, in truth and in fact, John Ross did not buy the goods,” etc.
It is obvious that this indictment would -not support a conviction under the -old system of criminal pleadings. But it is to be tested by the rules prescribed in the Code.
It is provided by sec. 5129 that in an indictment for perjury, it is mot necessary to- set forth the pleadings, records, -or -proceedings with which the oath is connected, nor the -commission or authority of the court or person before *468 whom tbe perjury was committed. But by sec. 5180, it is sufficient in such case to give the substance of the controversy. or matter in respect to- which the offense was committed, and. in what court or before whom the oath -alleged t'o be false, was taken, and that the court or person before whom it was taken had authority to- administer it, with proper -allegations of the falsity of the matter on which the perjury is assigned.
The present indictment is remarkable for its conciseness and brevity, but this is rather a recommendation than an objection if it contains all that the Code requires. It is said that it is defective in not stating that the defendant was sworn by Sneed, the justice of the peace. The averment is that defendant was duly sworn, etc., and called to testify before W. II. Sneed, a justice, etc. That is, that he was sworn and called to testify before the justice. He was not only called before the justice to- testify, but was sworn before bim. This is the plain averment, anid it is in strict conformity with the Code, which uses the language, “before whom the oath is taken.”
It is fully stated that the cause in which defendant was called to testify was an inquiry into a charge of larceny brought by warrant against Alfred Lewis, the object of which was to determine whether there was probable cause to bind bim over for trial. It is clear that tbe justice had jurisdiction as a-verred. It is stated that on this inquiry it was a material question whether the def endant -bought the goods alleged to have been stolen by Alfred Lewis, from him. Defendant so- swore, and thereby fixed the possession of the stolen goods in Alfred Lewis. This was material testimony on the question of Lewises guilt.
We are of opinion that the indictment contains all the ingredients necessary to sustain it as a good indictment under the pro-visions of the Code, and that there was no error in the refusal of the circuit judge to- arrest the judgment. , ¡ i j -j